# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BRIAN ERSKINE**, an individual,<br><br>                                    Plaintiff,<br><br>       v.<br><br>**FORREST BURKE FENN**, deceased; and **ZOE FENN OLD**, in her capacity as Personal Representative of the Estate of Forrest Burke Fenn,<br><br>                                    Defendants,<br><br>**MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION**,<br><br>                                    Garnishee. | Case No. 3:23-mc-00815<br><br>**GARNISHEE RESPONSE AND WAGE EXEMPTION CALCULATION FORMS** |

**GARNISHEE: MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION**

The writ of garnishment was delivered to me on _____, 2023. The following responses are accurate and complete as of that date.

///

Page 1 – GARNISHEE RESPONSE AND WAGE EXEMPTION CALCULATION FORMS

DCAPDX\4868454.v1

**PART I: DEBTOR'S PROPERTY GENERALLY**
(ALL GARNISHEES MUST FILL OUT THIS PORTION OF THE RESPONSE)

Place a check in front of all the following statements that apply. You may need to check more than one statement.

\_\_\_\_ I have discovered that a voluntary or involuntary bankruptcy petition has been filed by or on behalf of the Debtor after the date shown on the face of the writ as the date on which the judgment was entered against the Debtor or after the debt otherwise became subject to garnishment. (You need not complete any other part of this response, but you must sign the response and deliver it in the manner specified in Step 2 of the Instructions to Garnishee form.)

\_\_\_\_ I have discovered that a voluntary or involuntary bankruptcy petition has been filed by or I do not employ the Debtor, I do not have in my possession, control or custody any personal property of the Debtor, and I do not owe any debts or other obligations to the Debtor.

\_\_\_\_ I employ the Debtor. **(You must complete Part II of this response.)**

\_\_\_\_ I have in my possession, control or custody garnishable money that belongs to the Debtor (other than wages), or I owe a debt or other obligation to the Debtor (other than wages) that is due as of the time of this response. I am forwarding this money, or enough of it to satisfy the garnishment, to the Garnishor.

\_\_\_\_ I owe a debt or other obligation to the Debtor (other than wages) that was not due as of the time of this response but will become due within 45 days after the writ was delivered to me. I will forward the money, or enough of it to satisfy the garnishment, to the Garnishor when the debt or other obligation becomes due.

\_\_\_\_ I owe the following debt or other obligation to the Debtor (other than wages) that will not become due within 45 days after the date that the writ was delivered to me. I will not make any payments on the debt or obligation until I receive instructions from the Sheriff or until 30 days have passed from the date on which I deliver this response. (See Instructions to Garnishee form.)

_____

_____

_____

_____

\_\_\_\_ I have in my possession, control or custody the following personal property (other than money) that belongs to the Debtor. I will hold all of the property for the Garnishor until I

Page 2 – GARNISHEE RESPONSE AND WAGE EXEMPTION CALCULATION FORMS

DCAPDX\4868454.v1

receive instructions from the Sheriff or until 30 days have passed from the date on which I deliver this response. (See Instructions to Garnishee form.)

_____

_____

_____

_____

\_\_\_\_ I may owe money to or hold property of the Debtor, but I am not sure what or how much it might be. (You must provide an explanation in the following space and you must deliver an amended response when you find out. You must deliver an amended response even if you find out that you have no property of the Debtor or owe no money to the Debtor.)

_____

_____

_____

_____

\_\_\_\_ (FINANCIAL INSTITUTIONS ONLY) We hold one or more accounts for the Debtor, of which $_____ is not subject to garnishment under ORS 18.784. We are forwarding all other garnishable amounts, or enough of it to satisfy the garnishment, to the Garnishor.

_____

_____

_____

_____

\_\_\_\_ The writ of garnishment delivered to me, on its face, does not comply with the Oregon laws governing writs of garnishment, or I cannot determine the identity of the Debtor from the information in the writ. (You must provide an explanation in the following space.)

_____

_____

_____

_____

\_\_\_\_    I have received an order to withhold income that applies to the income of the Debtor. The order to withhold income has priority over the writ of garnishment, and compliance with the order will reduce or eliminate the money that I would otherwise deliver under the writ. (Provide details, including the name of the agency serving the order to withhold income, the date the order was served on you and the amount to be withheld. If you employ the Debtor, you must still complete Part II of this response.)

_____

_____

_____

_____

\_\_\_\_    I have received notice of a challenge to the garnishment. I will deliver to the court administrator all money that I would otherwise deliver to the Garnishor. (See Step 3 of Instructions to Garnishee form.)

\_\_\_\_    Other (Explain)

_____

_____

_____

_____

_____

**PART II: DEBTOR'S EMPLOYER**
(GARNISHEES WHO EMPLOY THE DEBTOR
MUST FILL OUT THIS PORTION OF THE RESPONSE)

Place a check in front of all the following statements that apply. You may need to check more than one statement.

NOTE: THE LAW PROHIBITS DISCHARGE OF THE DEBTOR FROM EMPLOYMENT BY REASON OF GARNISHMENT.

\_\_\_\_    I employ the Debtor. The Debtor is paid on a _____ basis (insert "weekly," "monthly" or other pay period). Wages will next be payable to the Debtor on the _____ day of _____(month), 20\_\_\_\_\_. I will complete a Wage Exemption Calculation form for each payment of wages that is made during the 90-day period immediately

Page 4 – GARNISHEE RESPONSE AND WAGE EXEMPTION CALCULATION FORMS

following the date that the writ of garnishment was delivered to me. I will also complete a Wage Exemption Calculation form for the payday immediately following the end of the 90-day period. I will forward to the Garnishor on each of these occasions those wages calculated to be subject to garnishment, or enough of those wages to satisfy the garnishment.

\_\_\_\_ I had already received a writ of garnishment from another Garnishor before this writ was delivered to me. Under Oregon law, the previous writ has priority. The previous writ will terminate on the _____ day of _____(month), 20\_\_\_\_.

_____

I hereby certify that I have fully and accurately completed this garnishee response.

**GARNISHEE: MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION**,

Dated:_____

Signature: _____

Name: _____

Title: _____

Telephone number: _____

Fax number (if available) _____

Address: _____

_____

_____

## WAGE EXEMPTION CALCULATION
(to be filled out by <u>employers only</u>)

1. Debtor's gross wages for period covered by this payment: $_____

2. Total amount required to be withheld by law for amount in Line 1 (Federal and state withholding, Social Security, etc.): $_____

3. Debtor's disposable wages (Subtract Line 2 from Line 1): $_____

4. Normal exemption (Enter 75 percent of Line 3) $_____

/ / /

/ / /

Page 5 – GARNISHEE RESPONSE AND WAGE EXEMPTION CALCULATION FORMS

5. Minimum exemption (check one)
   __ $254 (payment of wages weekly)
   __ $509 (payment of wages every two weeks)
   __ $545 (payment of wages half-monthly)
   __ $1,090 (payment of wages monthly)
   __ $_____ (Any other period longer than one week,
   including partial payments for less than full pay period)
   (Multiply $254 by number of weeks or fraction of a week)

6. Wages exempt from garnishment:      $_____
   (Line 4 or 5, whichever is greater)

7. Nonexempt wages:      $_____
   (Subtract Line 6 from Line 3)

8. Amount withheld for this pay period pursuant to a support      $_____
   order under support withholding process or under another
   writ with priority:

9. Wages subject to garnishment      **$_____**
   (Subtract Line 8 from Line 7)

## INSTRUCTIONS FOR WAGE EXEMPTION CALCULATION FORM

If you employ the Debtor named in the writ of garnishment, you must fill out and return this Wage Exemption Calculation form. A Wage Exemption Calculation form must be sent with the first payment you make under the writ. For the 90-day period during which the writ is effective, you must also fill out and return a Wage Exemption Calculation form with a subsequent payment any time the initial calculation changes. Finally, you must fill out and return a Wage Exemption Calculation form with the final payment that you make under the writ.

Normal wage exemption. The wage exemption calculation is based on the amount of the payment you make under the writ of garnishment. The normal wage exemption in Line 4 is 75 percent of the employee's disposable wages in Line 3.

Minimum wage exemption. The minimum exemption in Line 5 is also based on the amount of the payment you are making. The minimum exemption is designed to ensure that an employee receives at least a certain minimum amount in any one-week period. If the payment is for a one-week period (without regard to whether the period is a calendar week or any other seven-day period), the minimum exemption is $254. The minimum exemption is $509 if the payment is for a two-week period. If the payment is for one-half of one month (i.e., the Debtor is paid twice each month), the minimum exemption is $545. The minimum exemption for a monthly payment is $1,090.

If the payment you are making is based on some period of time other than one week, two weeks, half month or month, and the payment is for more than one week, you must calculate the minimum exemption by multiplying $254 by the number of weeks covered by the paycheck, including any fraction of a week. You should round the amount calculated to the nearest dollar.

Example 1: You pay Debtor A every 10 days. Each 10-day period is equal to 1.429 weeks (10 divided by 7). The minimum exemption is $363 ($254 × 1.429 rounded to the nearest dollar).

You must use this same calculation for computing the minimum exemption when making a payment for less than a full pay period (e.g., for the final payment at the end of the 90-day period covered by the writ).

<u>Example 2:</u> You pay Debtor A on a monthly basis. You are required to make a final payment under a writ of garnishment for the wages owing to Debtor A for the period beginning October 1 and ending October 15. This period is equal to 2.143 weeks (15 divided by 7). The minimum exemption is $544 ($254 × 2.143 rounded to the nearest dollar).

The amount of time actually worked by the Debtor during the period covered by the paycheck does <u>not</u> affect the calculation of the minimum exemption.

<u>Example 3:</u> You pay Debtor A on a weekly basis. Debtor A works two days per week. The minimum exemption is $254 for each weekly payment you make for Debtor A.

If the payment you are making is based on a period of time less than one week, the minimum wage exemption may not exceed $254 for any one-week period.

<u>If you receive more than one writ of garnishment.</u> If you receive more than one writ of garnishment for the same debtor, the writs have priority based on the date on which you receive them. If the full amount of wages subject to garnishment for a given pay period is paid on the first writ, you should not make any payment on subsequently received writs until the first writ expires. In some cases, it may be necessary to make payments on two or more writs for the same pay period.

<u>Example 4:</u> You have received two writs of garnishment for Debtor A. You pay Debtor A on a monthly basis. The first writ expires on October 16. The second writ will not expire until November 15. You will need to prepare two wage exemption calculation forms for Debtor A's October wages and make payments under both writs. The wage exemption calculation form for the first writ will be for the wages attributable to October 1 to October 15 as described in Example 2. The wage exemption calculation form for the second writ will be for all wages for the month of October, but the amounts withheld under the first writ must be subtracted on Line 8 to determine the October wages subject to garnishment under the second writ.

---

## **INSTRUCTIONS TO GARNISHEE**

Except as specifically provided in these instructions, <u>you must complete and deliver the Garnishee Response within seven calendar days after you receive the writ of garnishment.</u> If the writ does not comply with Oregon law, the writ is not effective to garnish any property of the Debtor, but you still must complete and deliver the Garnishee Response. You must complete and deliver the response even though you cannot determine from the writ whether you hold any property or owe any debt to the Debtor. If the seventh calendar day is a Saturday, Sunday or legal holiday, you must deliver your response on or before the next following day that is not a Saturday, Sunday or legal holiday.

The writ is not effective, and you need not make a Garnishee Response, if:

- You do not receive the writ within 60 days after the date of issuance shown on the face of the writ.

- You do not receive an original writ of garnishment or a copy of the writ.

Statutes that may affect your rights and duties under the writ can be found in ORS 18.600 to 18.850.

NOTE: The Garnishor may be the Creditor, the attorney for the Creditor or some other person who is authorized by law to issue the writ of garnishment. See the writ to determine who the Garnishor is.

<u>STEP 1. FILL OUT THE GARNISHEE RESPONSE.</u>

All garnishees who are required to deliver a garnishee response must fill in Part I of the Garnishee Response. Garnishees who employ the Debtor must also fill in Part II of the response. You should keep a copy of the response for your records.

Page 7 – GARNISHEE RESPONSE AND WAGE EXEMPTION CALCULATION FORMS

DCAPDX\4868454.v1

Completing Part I of the Garnishee Response. If you discover before you deliver your response that a bankruptcy petition has been filed by or on behalf of the Debtor, and the bankruptcy petition was filed after a judgment was entered against the Debtor or after the debt otherwise became subject to garnishment (see the date specified in the writ), you must put a check by the appropriate statement in Part I. If a bankruptcy petition has been filed, you should not make any payments to the Garnishor unless the court orders otherwise. You need not complete any other part of the response, but you still must sign the response and deliver it in the manner described in Step 2 of these instructions.

In all other cases you must list in Part I all money and personal property of the Debtor that is in your possession, control or custody at the time of delivery of the writ. You must also list all debts that you owe to the Debtor, whether or not those debts are currently due (e.g., money loaned to you by the Debtor that is to be repaid at a later time).

If you are the employer of the Debtor at the time the writ is delivered to you, you must put a check by the appropriate statement in Part I. In addition, you must complete Part II of the response.

If you believe that you may hold property of the Debtor or that you owe a debt to the Debtor, but you are not sure, you must put a check by the appropriate statement and provide an explanation. When you find out what property you hold that belongs to the Debtor, or you find out whether you owe money to the Debtor and how much, you must prepare and deliver an amended response. You must do this even if you find out that you have no property of the Debtor or that you do not owe anything to the Debtor.

If you determine that the writ, on its face, does not comply with Oregon laws governing writs of garnishment, or if you are unable to determine the identity of the Debtor from the information in the writ, then the writ is not effective to garnish any property of the Debtor. You must put a check by the appropriate statement in Part I and provide an explanation. You still must complete the response and deliver the response in the manner described in Step 2 of these instructions.

If you have received an order to withhold income that applies to the income of the Debtor and that order has priority over the garnishment, and if compliance with the order will reduce or eliminate the money or property that you would otherwise deliver under the garnishment, you must put a check by the appropriate statement in Part I. You still must fill out the remainder of the response and deliver the response in the manner described in Step 2 of these instructions. If you employ the Debtor, you still must complete Part II of the response.

If you receive notice of a challenge to the garnishment before you send your response, you must complete and deliver your response as otherwise required by these instructions. However, see Step 3 of these instructions regarding payment of money or delivery of property after receipt of notice of a challenge to the garnishment.

If you owe a debt to the Debtor and the Debtor owes a debt to the holder of an underlying lien on your property, you may be able to offset the amount payable to the underlying lienholder. See ORS 18.620. You must note that you have made the offset in Part I of the response (under "Other") and specify the amount that was offset.

Completing Part II of the Garnishee Response (employers only). You must fill in Part II of the response if you employ the Debtor on the date the writ of garnishment is delivered to you, or if you previously employed the Debtor and still owe wages to the Debtor on the date the writ is delivered to you.

Wages affected. Except as provided below, the writ garnishes all wages that you owe to the Debtor for work performed before the date you received the writ, even though the wages will not be paid until a later date. The writ also garnishes all wages that are attributable to services performed during the 90-day period following the date you received the writ, even though you would not pay the Debtor for all or part of those services until after the end of the 90-day period. Wages subject to garnishment under the writ include all amounts paid by you as an employer, whether on an hourly, weekly or monthly basis, and include commission payments and bonuses.

Example 1: Debtor A is employed by you and is paid a monthly salary on the first day of each month. You receive a writ of garnishment on July 17. The writ garnishes all wages that you owe to Debtor A for work performed on or before July 17. If Debtor A was paid on July 1 for services performed in the month of June, the writ garnishes Debtor A's salary for the period beginning July 1 and ending October 15 (90 days after receipt of the writ).

The writ does not garnish any wages you owe to a Debtor for a specific pay period if:
(a) The writ is delivered to you within two business days before the Debtor's normal payday for the pay period;
(b) When the writ is delivered to you, the Debtor's wages are paid by direct deposit to a financial institution, or you use an independent contractor as payroll administrator for your payroll; and
(c) Before the writ was delivered to you, you issued instructions to the financial institution or the payroll administrator to pay the Debtor for the pay period.

Page 8 – GARNISHEE RESPONSE AND WAGE EXEMPTION CALCULATION FORMS

DCAPDX\4868454.v1

If any wages are not garnishable by reason of the issuance of instructions to a financial institution or a payroll administrator as described above, you must so note in the Garnishee Response. Thereafter, you must pay to the Garnishor all wages that are subject to garnishment that are attributable to services performed by the Debtor during the 90-day period following the date you received the writ.

<u>Calculation of wages subject to garnishment.</u> A Wage Exemption Calculation form is attached to the writ of garnishment. You must use this form to calculate the amount of the Debtor's wages that is subject to garnishment. You should read the instructions printed on the Wage Exemption Calculation form to determine the normal wage exemption and the minimum wage exemption for each payment you make under the writ.

A Wage Exemption Calculation form must be sent with the first payment you make under the writ. For the 90-day period during which the writ is effective, you must also fill out and return a Wage Exemption Calculation form with a subsequent payment any time the initial calculation changes. Finally, you must fill out and return a Wage Exemption Calculation form with the final payment that you make under the writ.

<u>Payment of amount subject to garnishment.</u> Payments under the writ must be made at the following times, unless the amount owing on the judgment or other debt is fully paid before the final payment is made or the writ is released:

(a) You must make a payment to the Garnishor of all wages subject to garnishment at the time you next pay wages to the Debtor. Complete the wage exemption computation, using the Wage Exemption Calculation form, to determine the portion of the Debtor's wages that is subject to garnishment. Be sure to adjust the minimum exemption amount for any payment that covers less than a full pay period. You must include a copy of the Wage Exemption Calculation form with this first payment.

<u>Example 2:</u> Using the facts given in Example 1, when you next make any payment of wages to Debtor A after you receive the writ on July 17, you must complete the Wage Exemption Calculation form and send the form to the Garnishor along with all amounts determined to be subject to garnishment that are attributable to the period covered by the payment. If you pay Debtor A on August 1, the payment will be for all wages attributable to the period beginning July 1 and ending July 31.

(b) Unless the writ of garnishment is satisfied or released, during the 90-day period following the date you received the writ, you must pay to the Garnishor all wages that are determined to be subject to garnishment whenever you issue a paycheck to the Debtor. If the Debtor is paid on a weekly basis, you must make payment under the writ on a weekly basis. If the Debtor is paid on a monthly basis, you must make payment under the writ on a monthly basis. If the amount paid to the Debtor varies from paycheck to paycheck, or changes at any time from the amount being paid at the time the writ was delivered to you, you must perform a new wage exemption computation to determine the amount of wages subject to garnishment under the writ. You must send a copy of the new Wage Exemption Calculation form with your payment to the Garnishor.

<u>Example 3:</u> Using the facts given above, as you make each subsequent payment of wages to Debtor A you must make a payment of that portion of the Debtor's wages that are subject to garnishment. If you continue to pay Debtor A on the first of each month, payments must be made on September 1 and October 1.

(c) Upon the expiration of the 90-day period, you must make a final payment to the Garnishor for all wages that were owing to the Debtor for the work performed by the Debtor through the 90th day following your receipt of the writ. This payment may be made at the time of the Debtor's next paycheck. You will need to complete another Wage Exemption Calculation form to determine the amount of the wages subject to garnishment.

<u>Example 4:</u> Using the facts given above, you must make a final payment for the wages owing to Debtor A for the period beginning October 1 and ending October 15. You may make this payment at the time you issue Debtor A's paycheck on November 1, but you must make the payment at any time you issue a paycheck to Debtor A after October 15. Be sure that in completing the wage exemption computation for the final payment you adjust the minimum exemption amount to take into account the fact that the period covered is only 15 days of the full month (see instructions on Wage Exemption Calculation form).

<u>Processing fee.</u> You may collect a $2 processing fee for each week of wages, or fraction of a week of wages, for which a payment is made under the writ. The fee must be collected after you make the last payment under the writ.

Page 9 – GARNISHEE RESPONSE AND WAGE EXEMPTION CALCULATION FORMS

The fee must be withheld from the wages of the debtor, and is in addition to the amounts withheld for payment to the garnishor under the writ or under any other writ you have received.

<u>If you receive more than one writ of garnishment.</u> If you receive a second writ of garnishment for the same Debtor from another Garnishor, the first writ will have priority for wages. The priority of the first writ lasts for the 90-day period following delivery of that writ to you, or until the first writ is paid in full, whichever comes first. In your response to the second writ, you must put a check by the appropriate statement in Part II and indicate the date on which the first writ will expire (90 days after the date you received the writ). You should make no payments under the second writ until expiration of the first writ. The expiration date of the second writ is 90 days after the date you received the second writ; the expiration date is not affected by any delay in payment attributable to the priority of the first writ.

STEP 2. DELIVER THE GARNISHEE RESPONSE.

You must deliver your Garnishee Response and copies of the response in the manner provided in this step. The response and copies may be mailed or delivered personally.

You must complete and deliver the Garnishee Response within seven calendar days after you receive the writ of garnishment. If the seventh calendar day is a Saturday, Sunday or legal holiday, you must deliver your response on or before the next following day that is not a Saturday, Sunday or legal holiday.

If you are required to hold any property under the writ or make any payment under the writ, either at the time of making your response or later, you must:
 (a) Send the <u>original</u> of your Garnishee Response to the Garnishor at the address indicated on the writ under Important Addresses.
 (b) Send a <u>copy</u> of your Garnishee Response to the court administrator at the address indicated on the writ under Important Addresses.
 (c) Send a <u>copy</u> of your Garnishee Response to the Debtor if an address is indicated on the writ under Important Addresses.

If you are <u>not</u> required to hold any property under the writ or make any payment under the writ, either at the time of making your response or later, you must:
 (a) Send the <u>original</u> of your Garnishee Response to the Garnishor at the address indicated on the writ under Important Addresses.
 (b) Send a <u>copy</u> of your Garnishee Response to the Debtor if an address is indicated on the writ under Important Addresses.

STEP 3. DELIVER THE FUNDS OR OTHER PROPERTY.

As long as the writ is in effect, you may be liable to the Creditor if you pay any debt or turn over any property to the Debtor except as specifically allowed by law. If you have any money or property of the Debtor in your possession, control or custody at the time of delivery of the writ, or owe any debt to the Debtor, you must pay the money or hold the property as required by this step. Exceptions to this requirement are listed below.

IF YOU ARE HOLDING MONEY FOR THE DEBTOR OR OWE A DEBT THAT IS CURRENTLY DUE, you must pay the money to the Garnishor with your response. You must send your payment to the Garnishor at the address indicated on the writ under Important Addresses. Make your check payable to the Garnishor.

IF YOU OWE A DEBT TO THE DEBTOR THAT WILL BECOME DUE WITHIN 45 DAYS AFTER THE DATE YOU RECEIVED THE WRIT, you must send your payment directly to the Garnishor at the address provided in the writ when the debt becomes due. Make your check payable to the Garnishor.

IF YOU ARE HOLDING PROPERTY THAT BELONGS TO THE DEBTOR, OR OWE A DEBT TO THE DEBTOR THAT WILL NOT BECOME DUE WITHIN 45 DAYS AFTER THE DATE YOU RECEIVED THE WRIT, you must keep the property or debt in your possession, control or custody until you receive written notice from the Sheriff. The Sheriff's notice will tell you what to do with the property or debt. If you have followed all of the

Page 10 – GARNISHEE RESPONSE AND WAGE EXEMPTION CALCULATION FORMS

DCAPDX\4868454.v1

instructions in the writ and you receive no notice from the Sheriff within 30 days after the date on which you delivered your Garnishee Response, you may treat the writ as being of no further force or effect.

EXCEPTIONS:

1. Challenge to garnishment or specific directions from court. If you are making any payments under the garnishment and before making a payment you receive notice of a challenge to the garnishment from the court, or receive a specific direction from the court to make payments to the court, you must send or deliver the payment directly to the court administrator. If the money is currently due when you receive the notice, send the payment promptly to the court. If the payment is for a debt that is payable within 45 days after you receive the writ, make the payment to the court promptly when it becomes due. If you make payment by check, make the check payable to the State of Oregon. Because you may be liable for any payment that does not reach the court, it is better not to send cash by mail.

A challenge to the garnishment does not affect your duty to follow the instructions you receive from the Sheriff for property that belongs to the Debtor and debts that you owe to the Debtor that do not become due within 45 days.

2. Previous writ of garnishment. If you receive a second writ of garnishment for the same Debtor from another Garnishor, the first writ will have priority and you need not make payments or deliver property under the second writ to the extent that compliance with the first writ will reduce or eliminate the payment of money or delivery of property that you would otherwise make under the garnishment. You must still deliver a Garnishee Response to the second writ, and must commence payment under the second writ as soon as the first writ is satisfied or expires.

3. Offset for payment of underlying lien. If you owe a debt to the Debtor and the Debtor owes a debt to the holder of an underlying lien on your property, you may be able to offset the amount payable to the underlying lienholder. See ORS 18.620.

4. Subsequent events:

(a) Bankruptcy. If you make your response and then discover that a voluntary or involuntary bankruptcy petition has been filed by or on behalf of the Debtor after the judgment was entered against the Debtor or after the debt otherwise became subject to garnishment (see date in writ), you may not make any further payments or delivery of property under the writ unless the court orders otherwise. If you have not delivered all property that is subject to garnishment under this writ when you discover that a bankruptcy petition has been filed, you must mail the following notice to the Garnishor and to the Debtor.

(b) Order to withhold income. If you make your response and then receive an order to withhold income that has priority over the writ, you may make payments or deliver property under the writ only after payment of the amounts required under the order to withhold income. If you have not delivered all property that is subject to garnishment under this writ when you receive an order to withhold income that has priority, you must mail the following notice to the Garnishor and to the Debtor.

---

SUPPLEMENTAL GARNISHEE
RESPONSE

TO: The Garnishor and the Debtor

RE: Writ of garnishment received _____, 2__ (date), in the case of _____ (Plaintiff) vs. _____ (Defendant), Circuit Court of _____ County, Oregon, Case No. _____.

The undersigned Garnishee furnished a Garnishee Response to this writ of garnishment on _____, 2__ (date). Since that time (check appropriate statement):

__ I have discovered that a voluntary or involuntary bankruptcy petition has been filed by or on behalf of the Debtor after the judgment was entered against the Debtor or after the debt otherwise became subject to garnishment.

__ I have received an order to withhold income of the Debtor by reason of a support obligation. Under ORS 25.375, the order to withhold income has priority over any other legal process under Oregon law against the same

Page 11 – GARNISHEE RESPONSE AND WAGE EXEMPTION CALCULATION FORMS

income. The withholding of income pursuant to the order to withhold income might reduce or eliminate subsequent payments under the garnishment. (Provide details, including the name of the agency serving the order to withhold, the date the order was served on you and the amounts to be withheld.)

Dated \_\_\_\_\_, 2\_\_

_____
Name of Garnishee

_____
Signature

_____
Address

_____

**SPECIAL INSTRUCTIONS FOR BANKS
AND OTHER FINANCIAL INSTITUTIONS**

Unless a Notice of Right to Garnish Federal Benefits from the United States Government or from a state child support enforcement agency is attached to or included in the garnishment, you must conduct a garnishment account review for each account that you hold for the debtor. If a Notice of Right to Garnish Federal Benefits from the United States Government or from a state child support enforcement agency is attached to or included in the garnishment, you should not conduct a garnishment account review, and should proceed upon the garnishment in the normal manner.

If you hold an account for the debtor, and any of the payments listed below has been deposited in the account by direct deposit or electronic payment during the lookback period described in ORS 18.784 (2) (the period that begins on the date preceding the date of your garnishment account review and that ends on the corresponding date of the month two months earlier, or on the last day of the month two months earlier if the corresponding date does not exist), an amount equal to the lesser of the sum of those payments or the total balance in the debtor's account is not subject to garnishment, and you may not deliver that amount to the garnishor:

 (a) Federal benefit payments as defined in ORS 18.600 (payments from the United States Social Security Administration, the United States Department of Veterans Affairs, the United States Office of Personnel Management or the Railroad Retirement Board);
 (b) Payments from a public or private retirement plan as defined in ORS 18.358;
 (c) Public assistance or medical assistance, as defined in ORS 414.025, payments from the State of Oregon or an agency of the State of Oregon;
 (d) Unemployment compensation payments from the State of Oregon or an agency of the State of Oregon;
 (e) Black lung benefits payments from the United States Department of Labor; and
 (f) Workers' compensation payments from a workers' compensation carrier.

If the Garnishor fails to pay the search fee required by ORS 18.790 and you do not employ the Debtor, you are not required to deliver a Garnishee Response and you may deal with any property of the Debtor as though the garnishment had not been issued.

If the Debtor owes a debt to you that was due at the time you received the writ of garnishment, you may be able to offset the amount of that debt. See ORS 18.795. You must note that you have made the offset in Part I of the Garnishee Response (under "Other") and specify the amount that was offset.

Before making a payment under the writ, you may first deduct any processing fee that you are allowed under ORS 18.790. If you are required to conduct a garnishment account review, you may not charge or collect a processing fee against any amount that is not subject to garnishment, and may not charge or collect a garnishment processing fee against any amounts in the account after the date that you conduct the review.

You need not deliver any property contained in a safe deposit box unless the Garnishor pays you in advance for the costs that will be incurred in gaining entry to the box. See ORS 18.792.

Page 12 – GARNISHEE RESPONSE AND WAGE EXEMPTION CALCULATION FORMS

DCAPDX\4868454.v1

If you are required to conduct a garnishment account review and you determine from the review that one or more of the payments listed in ORS 18.784 (3) have been deposited into the debtor's account by direct deposit or electronic payment during the lookback period described in ORS 18.784 (2), and that there is a positive balance in the account, you must issue a notice to the account holder in substantially the form set forth in ORS 18.847. The notice must be issued directly to the account holder or to a fiduciary who administers the account and receives communications on behalf of the account holder. The notice must be sent separately to the account holder and may not be included with other materials being provided to the account holder that do not relate to the garnishment. You must send the notice to the account holder within three business days after you complete the garnishment account review. You may issue one notice with information related to multiple accounts of a single account holder.

_____