# EXHIBIT D

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| **BRIAN ERSKINE**, an individual, | ) | Case No. 3:23-mc-00815 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **CHALLENGE TO GARNISHMENT AND NOTICE OF EXEMPT PROPERTY** |
| **FORREST BURKE FENN**, deceased; and **ZOE FENN OLD**, in her capacity as Personal Representative of the Estate of Forrest Burke Fenn, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| **MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION**, | ) ) ) | |
| Garnishee. | ) ) | |

THIS FORM MAY BE USED BY THE DEBTOR <u>ONLY</u> FOR THE FOLLOWING PURPOSES:

(1) To claim such exemptions from garnishment as are permitted by law.
(2) To assert that property is not garnishable property under ORS 18.618.
(3) To assert that the amount specified in the writ of garnishment as being subject to garnishment is greater than the total amount owed.

THIS FORM MAY BE USED BY PERSONS OTHER THAN THE DEBTOR <u>ONLY</u> TO CLAIM AN INTEREST IN THE PROPERTY THAT IS GARNISHED.

Page 1 – CHALLENGE TO GARNISHMENT AND NOTICE OF EXEMPT PROPERTY

DCAPDX\4869638.v1

THIS FORM MAY <u>NOT</u> BE USED TO CHALLENGE THE VALIDITY OF THE DEBT.

 I/We claim that the following described property or money is exempt from execution or is not subject to garnishment:

_____
_____

 I/We believe this property is exempt from or not subject to garnishment because (the Notice of Exempt Property that you received lists most types of property that you can claim as exempt from or not subject to garnishment):

_____
_____

 I/We claim that the total amount owed is:

_____
_____

 I am a person other than the Debtor and I have the following interest in the property:

_____
_____

Name: _____

Signature: _____

Address: _____

   _____

Telephone Number: _____ (Required)


Name: _____

Signature: _____

Address: _____

   _____

Telephone Number: _____ (Required)

/ / /

/ / /

/ / /

/ / /

Page 2 – CHALLENGE TO GARNISHMENT AND NOTICE OF EXEMPT PROPERTY

DCAPDX\4869638.v1

TO BE COMPLETED BY GARNISHOR:

| | |
|---|---|
| Name of Garnishor (Creditor): | Forrest Burke Fenn, deceased, and Zoe Fenn Old, in her capacity as Personal Representative of the Estate of Forrest Burke Fenn |
| Address of Garnishor: | c/o Joshua D. Stadtler, Dunn Carney LLP<br>851 SW 6th Ave., Suite 1500, Portland, OR 97204 |
| Name of Garnishee: | MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION |
| Address of Garnishee: | 760 SW 9th Ave., Ste. 2100<br>Portland, OR 97205 |

\*\*\*

The aforesaid Challenge to Garnishment based upon the evidence is:

\_\_\_\_\_ Allowed

\_\_\_\_\_ Denied

**IT IS SO ORDERED.**

Dated: _____

_____

Judge: _____

/ / /

/ / /

/ / /

/ / /

Page 3 – CHALLENGE TO GARNISHMENT AND NOTICE OF EXEMPT PROPERTY

DCAPDX\4869638.v1

# NOTICE OF EXEMPT PROPERTY AND INSTRUCTIONS FOR CHALLENGE TO GARNISHMENT

Property belonging to you may have been taken or held in order to satisfy a debt. The debt may be reflected in a judgment or in a warrant or order issued by a state agency. Important legal papers are enclosed.

YOU MAY BE ABLE TO GET YOUR PROPERTY BACK, SO READ THIS NOTICE CAREFULLY.

State and federal law specify that certain property may not be taken. Some of the property that you may be able to get back is listed below.

(1) Wages or a salary as described in ORS 18.375 and 18.385. Whichever of the following amounts is greater:
(a) 75 percent of your take-home wages; or
(b) $254 per workweek.
(2) Social Security benefits.
(3) Supplemental Security Income (SSI).
(4) Public assistance (welfare).
(5) Unemployment benefits.
(6) Disability benefits (other than SSI benefits).
(7) Workers' compensation benefits.
(8) All Social Security benefits and Supplemental Security Income benefits, and up to $7,500 in exempt wages, retirement benefits, welfare, unemployment benefits and disability benefits, that are held in a bank account. You may attach copies of bank statements to the Challenge to Garnishment form if you claim this exemption.
(9) Spousal support, child support or separate maintenance to the extent reasonably necessary for your support or the support of any of your dependents.
(10) A homestead (house, manufactured dwelling or floating home) occupied by you, or occupied by your spouse, parent or child. Up to $40,000 of the value of the homestead is exempt. If you jointly own the homestead with another person who is also liable on the debt, up to $50,000 of the value of the homestead is exempt.
(11) Proceeds from the sale of a homestead described in item 10, up to the limits described in item 10, if you hold the proceeds for less than one year and intend to use those proceeds to procure another homestead.
(12) Household goods, furniture, radios, a television set and utensils with a combined value not to exceed $3,000.
*(13) An automobile, truck, trailer or other vehicle with a value not to exceed $3,000.
*(14) Tools, implements, apparatus, team, harness or library that are necessary to carry on your occupation, with a combined value not to exceed $5,000.
*(15) Books, pictures and musical instruments with a combined value not to exceed $600.
*(16) Wearing apparel, jewelry and other personal items with a combined value not to exceed $1,800.
(17) Domestic animals and poultry for family use with a combined value not to exceed $1,000 and their food for 60 days.
(18) Provisions and fuel for your family for 60 days.
(19) One rifle or shotgun and one pistol. The combined value of all firearms claimed as exempt may not exceed $1,000.
(20) Public or private pensions.
(21) Veterans' benefits and loans.
(22) Medical assistance benefits.
(23) Health insurance proceeds and disability proceeds of life insurance policies.
(24) Cash surrender value of life insurance policies not payable to your estate.
(25) Federal annuities.
(26) Other annuities to $250 per month (excess over $250 per month is subject to the same exemption as wages).
(27) Professionally prescribed health aids for you or any of your dependents.
*(28) Rental assistance to an elderly person allowed pursuant to ORS 458.375.
(29) Your right to receive, or property traceable to:
(a) An award under any crime victim reparation law.
(b) A payment or payments, not exceeding a total of $10,000, on account of personal bodily injury suffered by you or an individual of whom you are a dependent.
(c) A payment in compensation of loss of future earnings of you or an individual of whom you are or were a dependent, to the extent reasonably necessary for your support and the support of any of your dependents.
(30) Amounts paid to you as an earned income tax credit under federal tax law.

Page 4 – CHALLENGE TO GARNISHMENT AND NOTICE OF EXEMPT PROPERTY

DCAPDX\4869638.v1

(31) Your right to the assets held in, or right to receive payments under, a medical savings account or health savings account authorized under section 220 or 223 of the Internal Revenue Code.

*(32) Interest in personal property to the value of $400, but this cannot be used to increase the amount of any other exemption.

(33) Equitable interests in property.

(34) Security deposits or prepaid rent held by a residential landlord under ORS 90.300.

(35) If the amount shown as owing on the Debt Calculation form exceeds the amount you actually owe to the creditor, the difference between the amount owed and the amount shown on the Debt Calculation form.

**Note:** If two or more people in your household owe the claim or judgment, each of them may claim the exemptions marked by an asterisk (*).

SPECIAL RULES APPLY FOR DEBTS THAT ARE OWED FOR CHILD SUPPORT AND SPOUSAL SUPPORT. Some property that may not otherwise be taken for payment against the debt may be taken to pay for overdue support. For instance, Social Security benefits, workers' compensation benefits, unemployment benefits, veterans' benefits and pensions are normally exempt, but only 50 percent of a lump sum payment of these benefits is exempt if the debt is owed for a support obligation.

YOU MUST ACT PROMPTLY IF YOU WANT TO GET YOUR MONEY OR PROPERTY BACK. You may seek to reclaim your exempt property by doing the following:

(1) Fill out the Challenge to Garnishment form that you received with this notice.

(2) Mail or deliver the Challenge to Garnishment form to the court administrator at the address shown on the writ of garnishment, and mail or deliver a copy of the form to the Garnishor at the address shown on the writ of garnishment. If you wish to claim wages or salary as exempt, you must mail or deliver the form within 120 days after you receive this notice. If you wish to claim that any other money or property is exempt, or claim that the property is not subject to garnishment, you must mail or deliver the form within 30 days after you receive this notice. You have the burden of showing that your challenge is made on time, so you should keep records showing when the challenge was mailed or delivered.

(3) The law only requires that the Garnishor hold the garnished money or property for 10 days before applying it to the Creditor's use. You may be able to keep the property from being used by the Creditor by promptly following (1) and (2) above.

You should be prepared to explain your exemption in court. If you have any questions about the garnishment or the debt, you should see an attorney.

YOU MAY USE THE CHALLENGE TO GARNISHMENT FORM <u>ONLY</u> FOR THE FOLLOWING PURPOSES:

(1) To claim such exemptions from garnishment as are permitted by law.

(2) To assert that property is not garnishable property under ORS 18.618.

(3) To assert that the amount specified in the writ of garnishment as being subject to garnishment is greater than the total amount owed.

YOU MAY <u>NOT</u> USE THE CHALLENGE TO GARNISHMENT FORM TO CHALLENGE THE VALIDITY OF THE DEBT.

IF YOU FILE A CHALLENGE TO A GARNISHMENT IN BAD FAITH, YOU MAY BE SUBJECT TO PENALTIES IMPOSED BY THE COURT THAT COULD INCLUDE A FINE. Penalties that you could be subject to are listed in ORS 18.715.

When you file a Challenge to Garnishment form, the Garnishee may be required to make all payments under the garnishment to the court, and the Garnishor may be required to pay to the court all amounts received by the Garnishor that are subject to the challenge to the garnishment. The Garnishee and Garnishor are subject to penalties if they do not. For a complete explanation of their responsibilities, see ORS 18.705 and 18.708.

Page 5 – CHALLENGE TO GARNISHMENT AND NOTICE OF EXEMPT PROPERTY

DCAPDX\4869638.v1